# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PONCELIN JOHNSON and KATHLEEN MARIE SCHWEER, on behalf of themselves and others similarly situated, | CIVIL ACTION FILE NO. |
| *Plaintiffs*, | **COMPLAINT – CLASS ACTION** |
| v. | |
| TOBIAS & ASSOCIATES LLC, d/b/a GETMEHEALTHCARE.COM, | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

Plaintiffs Kathleen Marie Schweer and Poncelin Johnson (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id*. § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id*. § 2(9).

2.  "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id*.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiffs bring this action to enforce the consumer-privacy provisions of the TCPA and Florida Telephone Solicitation Act alleging that Tobias & Associates LLC d/b/a GetMeHealthCare.com ("Tobias & Associates") made illegal telemarketing calls.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiffs sue on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Poncelin Johnson is an individual residing in Orlando, FL.

7. Plaintiff Kathleen Marie Schweer is an individual.

8. Defendant Tobias & Associates LLC is a Florida corporation located in this District.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the FTSA claims because they arise from the same calls as the TCPA claim.

10. This Court has general jurisdiction over Tobias & Associates because it is headquartered in this District

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing calls that are the subject of this lawsuit were sent and organized from this District.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

16. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

17. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.". Fla. Stat. § 501.059(8)(a).

18. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

19. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

**FACTUAL ALLEGATIONS**

20. Defendant Tobias & Associates is a "person" as the term is defined by 47 U.S.C. § 153(39).

4

21. At no point have the Plaintiffs sought out or solicited information regarding Defendant Tobias & Associates' goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff Johnson

22. Plaintiff Johnson's telephone number is (689) XXX-0589.

23. That is the Plaintiff's personal number and it is not associated with a business.

24. That number has been listed on the National Do Not Call Registry since July 28, 2024.

25. Despite this, Ms. Johnson receive at least two telemarketing calls from Tobias & Associates.

26. The calls occurred at least on September 16 and 18, 2024.

27. The calls promoted health insurance services.

28. During the second call the Plaintiff spoke with an individual that identified themselves as calling from Getmehealthcare.com.

29. That is a domain for the Defendant.

30. The caller also provided a call back number of (800) 310-8339.

31. That is a number for the Defendant.

32. The calls were sent with an automated system for the selection and dialing of telephone numbers as the Plaintiffs answered the calls and there was a pause and audible click prior to anyone appearing on the line.

33. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

Calls to Plaintiff Schweer

34. Plaintiff Schweer's telephone number is (580) XXX-0793.

35. That is the Plaintiff's personal number and it is not associated with a business.

36. That number has been listed on the National Do Not Call Registry since November 2004.

37. Despite this, Ms. Schweer receive at least three telemarketing calls from Tobias & Associates.

38. The calls occurred at least on September 27, 30 and October 2, 2024.

39. The calls promoted health insurance services.

40. During the third call the Plaintiff spoke with an individual, Nathaniel Wagner, that identified themselves as calling from getmedicare.com

41. That is another domain for the Defendant.

42. He also provided an e-mail of wagnerma@getmedicare.com.

43. Plaintiffs and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiffs' and class members' telephone lines from legitimate communication.

## CLASS ACTION ALLEGATIONS

44. Plaintiffs bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **TCPA Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

6

> **FTSA Do Not Call Registry Class:** All persons, who, (1) received a telephonic sales call from Defendant, (2) made to Florida area codes, (3) despite being on the National Do Not Call Registry (4) since July 1, 2021.
>
> **FTSA Autodial Class:** All persons, who, (1) received a telephonic sales call from Defendant, (2) made to Florida area codes, (3) using the same equipment or type of equipment utilized to call Plaintiff Johnson (4) since July 1, 2021.

45. Defendant and its employees or agents are excluded from the Classes. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

46. Plaintiffs bring all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

47. Members of the Classes are so numerous that their individual joinder is impracticable.

48. On information and belief, based on the technology used to call Plaintiffs, which is used to make calls *en masse*, Members of the Classes number in the thousands.

49. The precise number of Class Members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.

50. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

51. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

52. Common legal and factual questions include, but are not limited to, whether Defendant violated the Telephone Consumer Protection Act or Florida Telephone Solicitation Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

**Typicality**

53. The claims of the named Plaintiffs are typical of the claims of the Classes because the named Plaintiffs, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them her consent to receive such calls.

54. The Plaintiff Johnson is a member of the FTSA classes.

55. The Plaintiff Johnson and Schweer are members of the Do Not Call Registry Class.

**Adequacy of Representation**

56. Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.

57. The interests of Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

**Superiority**

58. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

59. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

60. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

61. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

62. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

63. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs Johnson and Schweer and the TCPA Do Not Call Registry Class)**

64. Plaintiff Johnson and Schweer repeats and incorporates the allegations set forth in paragraphs 1-63 as if fully set forth herein.

65. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiffs and the Class despite their numbers being on the National Do Not Call Registry.

66. The Defendant's violations were negligent, willful, or knowing.

67. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**COUNT II**
**Florida Telephone Solicitation Act**
**(Violations of the Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Johnson and the FTSA Do Not Call Registry Class)**

68. Plaintiff Johnson repeats and incorporates the allegations set forth in paragraphs 1-33, and 44-63 as if fully set forth herein.

69. Plaintiff bring this claim individually and on behalf of the FTSA Do Not Call Registry Class Members against Defendant.

70. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

71. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

72. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

73. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff' and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

74. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**COUNT III**
**Florida Telephone Solicitation Act**
**(Violations of the Fla. Stat. § 501.059)**
**On Behalf of Plaintiff Johnson and the FTSA Autodial Class**

75. Plaintiff Johnson repeats and incorporates the allegations set forth in paragraphs 1-33, and 44-63 as if fully set forth herein.

76. Plaintiff Johnson brings this claim individually and on behalf of the FTSA Autodial Class Members against Defendant.

77. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

78. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

79. Defendant failed to secure prior express written consent from Plaintiff Johnson and the Class Members.

80. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff Johnson and the Class members without Plaintiff Johnson and the Class members' prior express written consent.

81. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff Johnson and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers and/or playing of a recorded message.

82. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A. That the Court enter a judgment awarding Plaintiffs and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

C. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: April 23, 2025         PLAINTIFFS, on behalf of themselves
                              and others similarly situated,

                              */s/ Avi R. Kaufman*
                              Avi R. Kaufman (FL Bar no. 84382)
                              kaufman@kaufmanpa.com
                              Rachel E. Kaufman (FL Bar no. 87406)

rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiffs and the proposed Classes*