**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:25-cv-80497-DMM

PONCELIN JOHNSON and
KATHLEEN MARIE SHWEER,
on behalf of themselves and
all others similarly situated,

Plaintiffs,

v.

TOBIAS & ASSOCIATES, LLC,

Defendant.
_______________________________/

**DEFENDANT TOBIAS & ASSOCIATES, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

COMES NOW Defendant Tobias & Associates, LLC ("Defendant" or "Tobias"), by and through undersigned counsel, and file its Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint (ECF No. 1) ("Complaint") and states as follows:

1. The allegations contained in paragraph 1 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA"), denies that there are grounds for this action and demands strict proof thereof.

2. The allegations contained in paragraph 2 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA and the FTSA and demands strict proof thereof.

3. Defendant lacks knowledge or information sufficient to admit or deny why Plaintiffs bring this case. Defendant denies each and every other allegation in paragraph 3 of the Complaint and demands strict proof thereof.

4. The allegations contained in paragraph 4 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies that this case is proper for class-based adjudication and demands strict proof thereof.

5. Defendant denies the allegations in paragraph 5 of the Complaint and demands strict proof thereof.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies the same and demands strict proof thereof.

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies the same and demands strict proof thereof.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits that this Court has federal question jurisdiction over claims asserted pursuant to the TCPA.

10. Defendant admits that this Court has general jurisdiction over it because it is located in this District, but denies any inference thereof.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12. The allegations contained in paragraph 12 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA, denies that there are grounds for this action, and demands strict proof thereof.

13. The allegations contained in paragraph 13 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA, denies that there are grounds for this action, and demands strict proof thereof.

14. The allegations contained in paragraph 14 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA, denies that there are grounds for this action, and demands strict proof thereof.

15. The allegations contained in paragraph 15 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA, denies that there are grounds for this action, and demands strict proof thereof.

16. The allegations contained in paragraph 16 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action, and demands strict proof thereof.

17. The allegations contained in paragraph 17 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action, and demands strict proof thereof.

18. The allegations contained in paragraph 18 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA ,denies that there are grounds for this action, and demands strict proof thereof.

19. The allegations contained in paragraph 19 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action, and demands strict proof thereof.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that 47 U.S.C. §153(39) contains a definition of "person" but otherwise denies each and every remaining allegation contained in this paragraph and demands strict proof thereof.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

22. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint, and therefore denies the same and demands strict proof thereof.

23. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 of the Complaint, and therefore denies the same and demands strict proof thereof.

24. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of the Complaint, and therefore denies the same and demands strict proof thereof.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 34 of the Complaint, and therefore denies the same and demands strict proof thereof.

35. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Complaint, and therefore denies the same and demands strict proof thereof.

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 36 of the Complaint, and therefore denies the same and demands strict proof thereof.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint and demands strict proof thereof.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint and demands strict proof thereof.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof.

44. In response to paragraph 44 of the Complaint, Defendant denies that the proposed class definitions by Plaintiff are appropriate. Answering further, Defendant denies that there are grounds for for class-based adjudication and demands strict proof thereof.

45. The allegations contained in paragraph 45 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies that this case is proper for class-based adjudication and demands strict proof thereof.

46. The allegations contained in paragraph 46 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies that this case is proper for class-based adjudication and demands strict proof thereof.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint and demands strict proof thereof .

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and demands strict proof thereof.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint. and demands strict proof thereof

52. Defendant denies the allegations contained in paragraph 52 of the Complaint and demands strict proof thereof.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint and demands strict proof thereof.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint and demands strict proof thereof.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint and demands strict proof thereof.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint and demands strict proof thereof.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint and demands strict proof thereof.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint and demands strict proof thereof.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint and demands strict proof thereof.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint and demands strict proof thereof.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint and demands strict proof thereof.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint and demands strict proof thereof.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint and demands strict proof thereof.

64. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint and demands strict proof thereof.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint and demands strict proof thereof.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint and demands strict proof thereof.

68. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint and demands strict proof thereof.

70. The allegations contained in paragraph 70 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action and demands strict proof thereof.

71. The allegations contained in paragraph 71 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action and demands strict proof thereof.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint and demands strict proof thereof.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint and demands strict proof thereof.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint and demands strict proof thereof.

75. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 75 of the Complaint.

76. The allegations contained in paragraph 76 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action and demands strict proof thereof.

77. The allegations contained in paragraph 77 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action and demands strict proof thereof.

78. The allegations contained in paragraph 78 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA, denies that there are grounds for this action and demands strict proof thereof.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint and demands strict proof thereof.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint and demands strict proof thereof.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint and demands strict proof thereof.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint and demands strict proof thereof.

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief for which they pray. Defendant prays that Plaintiffs' Complaint be dismissed with prejudice, and the Court award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

## AFFIRMATIVE AND OTHER DEFENSES

1. As an affirmative defense, Defendant asserts that Plaintiffs' Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred because the alleged telephone calls were not placed by the Defendant, Defendant's agent, or any other entity for which Defendant may be liable or vicariously liable under the TCPA.

3. Plaintiffs' Complaint is barred to the extent it purports to bring claims on behalf of any individuals other than Plaintiff. They are the only named Plaintiffs and the Complaint fails to state a claim for class action certification under Fed. R. Civ. P. 23.

4. Plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations.

5. Plaintiffs lack standing to bring this action because they have not suffered an injury-in-fact as a result of any conduct by Defendant.

6. Plaintiffs failed to join necessary and/or indispensable parties.

7. Plaintiffs are not the real party in interest and therefore Plaintiffs claims against Defendant are barred.

8. The imposition of statutory damages against Defendant under the TCPA would violate the Due Process Provision of the United States Constitution.

9. Plaintiffs' claims are barred to the extent they are not called parties within the meaning of the TCPA.

10. Plaintiffs' claims are barred because any telephone calls alleged to have violated the TCPA occurred with prior consent as defined by the law.

11. Plaintiffs have an established business relationship with Defendant.

12. Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

13. Plaintiffs' claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiffs or the putative class members.

14. Plaintiffs' claims are barred by the doctrines of unclean hands, acquiescence, laches, waiver, estoppel and equity.

15. To the extent there was any violation of the TCPA, which Defendant specifically denies, such violation was the result of conduct of a third-party with whom Defendant has no relationship or who acted outside the scope of any legal authority and/or agency.

16. To the extent there was any violation of the TCPA by Defendant, which Defendant specifically denies, Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

17. To the extent there was any violation of the TCPA by Defendant, which Defendant specifically denies, Defendant shall be liable for no more than a $500.00 penalty as Defendant denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiffs and the putative class members.

19. Claims of the putative classes are barred, in whole or part, by the applicable statute of limitations.

20. The Court lacks jurisdiction over the claims of the putative class.

21. The putative class should not be certified because the case would be unmanageable if the classes as defined by the Complaint were to be certified.

22. The putative class should not be certified because common issues of law and fact do not exist as required by Fed. R. Civ. P. 23(a)(2).

23. The putative class should not be certified because the claims of Plaintiff are not typical as required by Fed. R. Civ. P. 23(a)(3).

24. The putative class should not be certified because Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4).

25. The putative class should not be certified because common questions of law and fact do not predominate as required by Fed. R. Civ. P. 23(b)(3).

26. The putative class should not be certified because individual questions of law and fact predominate over issues common to the putative classes.

27. A class action should not be certified because it is not the superior method to adjudicate this controversy because the facts and circumstances of each putative class member differ.

28. The putative class members lack standing to bring this action because they have not suffered an injury-in-fact as a result of any conduct by Defendant.

29. A class action should not be certified because notice cannot be reasonably sent.

30. A class action should not be certified because the class as defined is an improper fail-safe class requiring individual inquiry about whether each putative class member consented to receive telephone calls.

31. Defendant's actions were justified under state and federal law.

32. Defendant specifically reserve its right to amend and plead any and affirmative defenses and other defenses that may become known to it during the course of discovery.

WHEREFORE, Defendant Tobias & Associates, LLC, respectfully requests that the Court dismiss the Plaintiffs' Complaint with prejudice, and award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Defendant hereby demands a trial by jury on all issues so triable.

ROIG LAWYERS
201 S. Biscayne Blvd., Suite 2819
Miami, FL 33131
Tel: (305) 405-0997
Pleadings@roiglawyers.com
Nbellido@roiglawyers.com

By: *<u>/s/ Nelson C. Bellido</u>*
Nelson C. Bellido
Fla. Bar. No. 974048